# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 3:95CR00066 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **NERIKA LAKISHA JENKINS**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The question presently before the court is whether the defendant should receive a reduction of her sentence pursuant to the Sentencing Commission's retroactive application of the reduced crack cocaine guidelines.

I

The defendant, Nerika Jenkins, was convicted of conspiracy to distribute crack cocaine, in violation of 21 U.S.C.A. § 846 (West 1999). She was sentenced by this court on October 27, 1997. Under the sentencing guidelines, the defendant's Total Offense Level was 36 with a Criminal History Category of I, resulting in an imprisonment range of 188 to 235 months. This court sentenced the defendant to 230

months incarceration, together with five years of supervision following her release from prison.

Effective November 1, 2007, the U.S. Sentencing Commission amended the Drug Quantity Table at USSG § 2D1.1 so that crack cocaine quantities were generally lowered by two levels. *See* USSG app. C, amends. 706, 711 (Supp. 2007). Under the amended guidelines, the defendant would have a Total Offense Level of 34, resulting in an imprisonment range of 151 to 188 months.

On February 22, 2008, pursuant to 18 U.S.C.A. § 3582(c)(2) (West 2000) and USSG § 1B1.10 (Supp. effective Mar. 3, 2008), I notified the parties that I was contemplating reducing the defendant's sentence to time served.[1] The government objected to any reduction in sentence for the defendant. For the reasons following, I will overrule the government's objections and grant the reduction as proposed.

---

[1] Because the Bureau of Prisons indicates that the defendant's current projected release date is April 10, 2014, upon reduction of her sentence she will be entitled to immediate release. The Bureau of Prisons has requested that any reduction in an inmate's sentence under 18 U.S.C.A. § 3582(c)(2) resulting in immediate release be stayed for a period of ten days in order to allow it to perform its pre-release public safety obligations. *See* Letter from Director of Bureau of Prisons to Chair of Committee on Criminal Law (Feb. 13, 2008).

II

The Sentencing Commission's policy statement provides that in determining whether a reduction should be granted under § 3582(c)(2), and the extent of such a reduction, the court must consider the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), as well as the danger to any person or the community, and the court may consider the post-sentencing conduct of the defendant. USSG § 1B1.10 cmt. n.1(B).

The government's objections to the reduction of the defendant's sentence may be divided into two groups. First, the government emphasizes the conduct underlying the present convictions, including the amount of crack cocaine for which the defendant was held responsible and the defendant's role in the offense. Second, the government contends that the defendant's behavior while incarcerated militates against a reduction. I will address each concern in turn.

The guidelines provide a vehicle for consideration of conduct underlying an offense. The defendant's Total Offense Level takes into account the amount of crack cocaine for which the defendant was responsible and the defendant's role in the offense.

The government's final argument is that the defendant has behaved in such a manner in prison as to indicate that it would be dangerous to release her into the

community. In the approximately ten years that the defendant has been incarcerated, she has been sanctioned for nine incidents of misconduct, including refusal to obey orders and insolence. I do not find that the defendant's post-sentencing conduct is significant enough to bar a reduction of her sentence.

Infractions in prison can be serious and may indicate that a defendant will disregard the rules and laws of the community. Accordingly, the Bureau of Prisons has the discretion to grant or withhold good time, giving some inmates the opportunity to eliminate fifteen percent of the total sentence imposed by the court. Nothing in my ruling today changes that. If the Bureau of Prisons has determined that the defendant's infractions warrant a reduction in her good time, then the defendant may be required to serve the entirety of her new sentence in prison. Furthermore, if the government decides that deprivation of good time is an insufficient penalty for an infraction, then it has the option of prosecuting an inmate for the crimes she committed in prison.

III

In accord with 18 U.S.C.A. § 3582(c)(2), 18 U.S.C.A. § 3553(a), and USSG § 1B1.10, I will reduce the defendant's sentence to time served. All other terms of

the original sentence, including length of supervised release, conditions of supervised release, and monetary penalties will remain unchanged.

It is so **ORDERED**.

                                        ENTER: March 5, 2008

                                        /s/ JAMES P. JONES
                                        Chief United States District Judge